[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

No. 10-14029
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00003-JOF-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTIN DONATO SANTIAGO MORALES,
a.k.a. Jorge,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Augustin Santiago-Morales appeals his sentence imposed after he pled guilty to six counts of identification document fraud (Counts 1 through 6), in violation of 18 U.S.C. § 1028(a)(2), (b)(1)(A) & (f), six counts of social security fraud (Counts 7 through 12), in violation of 42 U.S.C. § 408(a)(7)(C), and one count of aggravated identity theft (Count 13), in violation of 18 U.S.C. § 1028A(a)(1), (b)(2). Santiago-Morales was sentenced to 10 months imprisonment for each of Counts 1 through 12, to run concurrently. For Count 13, the district court imposed a mandatory 24-month sentence under 18 U.S.C. § 1028A(a), to run consecutively, for a total sentence of 34 months.

Santiago-Morales appeals his 10-month sentences for Counts 1 through 12, arguing that they are substantively unreasonable in light of the district court's imposition of the mandatory 24-month sentence for Count 13.[1] He argues that he should have received a sentence of only 24 months total. However, 18 U.S.C. § 1028A(b)(3) expressly forbids a district court from compensating for the imposition of a mandatory consecutive term of imprisonment under 18 U.S.C. § 1028A(a) by reducing a defendant's sentence for a related felony conviction. Moreover, sentencing Santiago-Morales only to the mandatory 24-month term of

---

[1] We review the reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).

imprisonment for Count 13 would have resulted in him receiving no sentence or punishment for Counts 1 through 12.  Accordingly, we find no reversible error in the district court's imposition of 10-month sentences for Santiago-Morales's convictions on Counts 1 through 12.

Nor do we find reversible error in the district court's consideration of Santiago-Morales's history and characteristics under 18 U.S.C. § 3553(a). Santiago-Morales argues that the district court failed to give adequate consideration to his age, employment history and skills, lack of criminal record, and his impending deportation from the United States at the time of his release from prison.  He argues that such circumstances warranted the imposition of a below-guidelines sentence.[2]  However, the district court considered Santiago-Morales's circumstances, and explicitly stated that they did not warrant a downward variance given the persistent and well-organized nature of the activities that gave rise to his convictions on Counts 1 through 12.[3]  Although Santiago-Morales disagrees with the weight given by the district court to his personal

---

[2]  Santiago-Morales's guidelines range for each of Counts 1 through 12 was 10-16 months, and thus Santiago-Morales was sentenced at the low end of his guidelines range.

[3]  Nor do we find reversible error in the district court's failure to specifically mention that it had considered Santiago-Morales's impending removal from the United States in its sentencing calculus, as the court is not required to discuss each statutory factor it considers in crafting a sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

characteristics and background, we cannot say the district court's consideration of the § 3553(a) factors was unreasonable. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009), *cert. denied*, 129 S.Ct. 2847 (2009) ("[A] district court has 'considerable discretion' in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate.") (citation omitted).

For the foregoing reasons, we affirm Santiago-Morales's 10-month sentences, to run concurrently, for Counts 1 through 12.

**AFFIRMED.**